**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON ROBERTO RODRIGUEZ, | No. 17-71685 |
| Petitioner, | Agency No. A074-428-331 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Wilson Roberto Rodriguez, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' order summarily dismissing

his appeal from an immigration judge's order denying his motion to reopen

deportation proceedings conducted in absentia. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Rodriguez's motion to reopen as untimely, where he filed the motion more than 20 years after the applicable deadline, and did not show the motion was subject to any exceptions to the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1), (4).

To the extent Rodriguez challenges the agency's discretionary decision not to reopen proceedings sua sponte, we lack jurisdiction to review this determination absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We do not consider the extra-record evidence submitted for the first time with Rodriguez's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

In light of this disposition, we do not reach Rodriguez's remaining contentions regarding eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**